IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN D. KRUPA (TDCJ No. 1082952), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:17-cv-3232-L-BN |
| JUDGE FRED TINSLEY, ET AL., | § § § | |
| Defendants. | § | |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Through this *pro se* action initiated on the form complaint for raising claims under 42 U.S.C. § 1983, Plaintiff John D. Krupa, a Texas inmate, requests that this Court order state officials to return him to Dallas County for a hearing on his pending state habeas petition.

This action has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay.

The undersigned has entered findings of fact, conclusions of law, and recommendation that the Court should construe this action as seeking mandamus relief and summarily dismiss it with prejudice [Dkt. No. 5] (the "Initial FCR"). After the Initial FCR was entered, Krupa filed an amended complaint. *See* Dkt. No. 11. The undersigned now enters this supplemental findings of fact, conclusions of law, and recommendation that, to the extent that the Court considers the amendment, the

Court still should dismiss this action with prejudice.

## Applicable Background, Legal Standards, and Analysis

Krupa is now serving a 30-year sentence pursuant to his 2001 conviction in Dallas County for aggravated sexual assault of a child. *See State v. Krupa*, No. F98-32221-PN (195th Crim. Dist. Ct., Dallas Cty. Dec. 20, 2001), *aff'd* No. 05-02-00116-CR (Tex. App. – Dallas Jan. 14, 2013, pet. ref'd). Krupa has filed multiple state habeas petitions (as well as petitions under 28 U.S.C. § 2254) challenging this criminal judgment. *See, e.g., Krupa v. Stephens*, No. 3:13-cv-2906-L, 2013 WL 5763243 (N.D. Tex. Oct. 14, 2013) (recounting the litigation history to date before transferring successive habeas petition to the United States Court of Appeals for the Fifth Circuit for appropriate action).

Through the amended complaint [Dkt. No. 11], Krupa brings claims against the same state officials, seeking monetary damages under Section 1983 based on his inability to successfully appeal, challenge, or otherwise collaterally attack his state aggravated sexual assault conviction.

These claims should be dismissed as frivolous, because they are "necessarily inconsistent with the validity of [his] conviction," *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (cited in *Bush v. Strain*, 513 F.3d 492, 498 n.14 (5th Cir. 2008)) – a conviction that has not been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court, *see Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the

conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." (citation omitted)).

"The *Heck* court held that a civil tort action, including an action under section 1983, is not an appropriate vehicle for challenging the validity of outstanding criminal judgments." *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007) (citing *Heck*, 512 U.S. at 486); *see id.* at 654 (in this circuit, "*Heck* stands first for 'the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments'" (quoting *Heck*, 512 U.S. at 486)).

## Recommendation

The Court should summarily dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 4, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE